# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CONTRERAS,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>THE INSURANCE PLACE INSURANCE SERVICES, et al.,<br><br>　　　　　　　　　　Defendants.<br>_____<br>VICTORIA RAE HAYMAN,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br>THE INSURANCE PLACE INSURANCE SERVICES, LAWYER'S ASSURANCE GROUP, INC.<br><br>　　　　　　　　　　Defendants.<br>_____<br>LUIZ SANCHEZ,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br>BRUCE M. GLASSER, et al.,<br><br>　　　　　　　　　　Defendants. | CASE NO. 06CV2053-LAB (WMc)<br><br>[Consolidated with 06cv2054 and 06cv2689]<br><br>**ORDER CONSOLIDATING ACTIONS FOR PURPOSES OF DISCOVERY, SETTLEMENT, AND PRETRIAL MATTERS** |

These three cases are related and, therefore, were all assigned or reassigned, pursuant to the low number rule, to Judge Larry Burns and Magistrate Judge William McCurine. The Plaintiffs in each of these three cases, which are related, are represented by the same counsel, as are Defendants. The parties have jointly moved for consolidation of the cases for purposes of discovery, settlement conferences, and pretrial matters, but not for pretrial conferences or trials.

Pursuant to Fed. R. Civ. P. 42(a), the Court may order the consolidation of actions for limited purposes, provided the actions share a common question of law or fact. *In re Prudential Securities Inc. Ltd. Partnerships Litigation*, 158 F.R.D. 562, 570 (S.D.N.Y.,1994) (approving consolidation of cases for pretrial purposes only) (citations omitted). *See also* 9 Wright & Miller, Federal Practice and Procedure § 2382, at 434 (1995) (noting that cases may be consolidated for limited purposes only, and consolidation at the pretrial stage is permitted under Rule 42). The actions share common questions of law and fact, and the parties represent that consolidating discovery, settlement conferences, and pretrial matters will significantly reduce time and expense.

Therefore, these actions are hereby **CONSOLIDATED** for the limited purposes of discovery, settlement conferences, and pretrial matters, but not for pretrial conferences or trials. The parties are directed to use captions for all filings relating to these matters that reflect the actions' consolidated status. Filings relating to these matters shall be docketed only in the lead case, *Contreras v. Lawyer's Assurance Group*, 06cv2053-LAB (WMc). Following the pretrial conferences, however, all filings shall be docketed in the dockets of their respective cases only. The Clerk shall enter this order in the docket of all three cases.

**IT IS SO ORDERED**.

DATED: September 20, 2007

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge